## CIRCUIT COURT OF THE CITY OF RICHMOND

James P. Johnson

v.

City of Richmond et al.

June 12, 1987

Case No. LK 1013-1

By JUDGE MELVIN R. HUGHES, JR.

In this case the Court has had under advisement since March 16, 1987, defendants' Demurrers and plaintiff's Motion to Compel. After the hearing the parties have filed memoranda in support of and in opposition to the actions proposed.

In an eight count Motion for Judgment, plaintiff seeks recovery under 42 U.S.C. § 1983 and 42 U.S.C. 1981 from the City of Richmond and a police officer based on allegations he was injured by a police vehicle in a pursuit during an arrest.

Plaintiff has agreed to strike certain portions of the Motion for Judgment on punitive damages and at the hearing conceded that so much of the Motion for Judgment which alleges a violation of 42 U.S.C. § 1981 is defective.

The Demurrers, of course, raise questions regarding the legal sufficiency of the various allegations. Specific facts alleged will be mentioned in the discussion of the demurrers as follows.

*The City*

The City first asks the Motion for Judgment be ordered amended because the various counts pled against it are redundant. I agree with the plaintiff in his response to this. The allegations made out against the City in the various counts are each separately based and are so insofar as they incorporate other counts.

The thrust of the City's position is that the pleading consists of conclusory allegations, without any requisite specificity regarding an alleged policy of negligence in supervision, discipline, training in the conduct of arrest and the use of excessive force. While conceding to the City's argument that the case law disallows a recovery against the city based on *respondent superior*, plaintiff argues, the pleading is sufficient in law because it informs of the true nature of the claims and discovery will turn up the evidentiary details.

Herein is the question of whether alleging a single incident in a § 1983 policy allegation is enough. Since *Monell v. New York City Department of Social Services*, 436 U.S. 650 (1978) overruling *Monroe v. Pope*, 365 U.S. 167 (1961), governing bodies can be sued under § 1983 where the action alleged implements or executes a policy or government custom. In 1985, in *City of Oklahoma v. Tuttle*, 471 U.S. 808, 105 S. Ct. 2427 (1985), the Supreme Court, ruled a single act could not constitute a policy or custom of excessive force. In light of these decisions and in *Johnson v. County of Henrico*, CA86-0564-R, a case decided in the United States District Court for the Eastern District of Virginia, and because no other authority has been advanced to suggest the City's position on the demurrer is incorrect, the demurrer is sustained. To sufficiently allege a § 1983 violation against a governmental body by a policy or custom more than a single act need be alleged.

*Officer Meaghan*

Generally, I agree with the position plaintiff takes regarding the grounds of the officer's demurrer. Also, as pointed out in *Johnson*, mere negligence is not a sufficient basis for unconstitutional conduct under § 1983

insofar as it involves a due process violation. To that extent the officer's demurrer to those portions of the pleading relating to him is sustained.

Counsel for the defendants are directed to prepare a suitable draft for orders sustaining the demurrers in whole and in part according to the parties which shall provide for the plaintiff filing an amended Motion for Judgment within seven days and the defendants to file responsive pleadings within five days from June 12, 1987. The order shall contain the appropriate exceptions.

I will leave the discovery matters pending for now and until the amended pleading schedule is complete. Then plaintiff can have an expedited time to renew the motion if he be so advised.